IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CR-18-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHANNON MONTESS BRITT, | ) | |
| | ) | |
| Defendant. | ) | |

On October 28, 2013, pursuant to a written plea agreement, Shannon Montess Britt ("Britt") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack) and 500 grams or more of cocaine (count one) and being a felon in possession of a firearm (count two). See [D.E. 24, 25]. On January 27, 2014, the court held Britt's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 27]. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Britt's total offense level to be 33, his criminal history category to be VI, and his advisory guideline range on count one to be 235 to 293 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), [D.E. 29], and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Britt to 144 months' imprisonment on count one and count two to run concurrently. See id.; [D.E. 31]. Britt did not appeal.

On November 2, 2015, Britt moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 34]. Britt's new advisory guideline range on count one is 188 to 235 months' imprisonment, based on a total offense level of 31 and a criminal

history category of VI. See Resentencing Report. Britt requests a 115-month sentence. See id.; [D.E. 34] 2, 4.

The court has discretion under Amendment 782 to reduce Britt's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Britt's sentence, the court finds that Britt engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR [D.E. 27] ¶¶ 12–16. Moreover, Britt is a violent recidivist and has convictions for larceny (three counts), breaking and entering (two counts), conspiracy, common law robbery (two counts), possession of a firearm by a felon, attempted assault inflicting serious bodily injury, maintaining a vehicle, dwelling, or place for controlled substances, possession with intent to sell and deliver cocaine, and possession of cocaine. See id. ¶¶ 20–36. Britt also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 20–22, 25, 28, 33, 35, 53–56. Britt has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for being untidy or unsanitary. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Britt received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

2

Further reducing Britt's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Britt's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Britt's motion for reduction of sentence [D.E. 34].

SO ORDERED. This _20_ day of June 2018.

JAMES C. DEVER III
Chief United States District Judge